**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar A Carranza-Contreras, et al., | No. CV-18-00441-TUC-CKJ |
| Plaintiffs, | **ORDER** |
| v. | |
| Ally Financial Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendant Blancey Siganoff's Motion to Change Venue/Transfer Case to Phoenix Division. (Doc. 37). Siganoff's Motion was joined by Defendants Repo Specialists, LLC, Mario I. Cazares Burciaga, Express Auto Group LLC, Javier Cazares Burciaga, and Socorro Arzate ("Repo Defendants"). (Doc. 39). Defendant Ally Financial filed a response in opposition. (Doc. 38). Plaintiffs filed no response.

The facts pertaining to the choice of venue in this case are unusual. Plaintiffs filed their complaint in August 2018. (Doc. 1). In the section of Plaintiffs' Complaint entitled "Jurisdiction," Plaintiffs state: "Venue lies in the **Phoenix** Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein." (Doc. 1, pg. 2) (emphasis added). Although the jurisdictional statement claimed that venue lies in the Phoenix Division, Plaintiffs filed their lawsuit in the Tucson Division of the District of Arizona. Despite this seeming contradiction, Defendants Siganoff and Ally Financial, Inc. admitted the propriety of Plaintiffs' jurisdictional statement pertaining to venue, whereas the Repo Defendants, all represented by the same counsel, denied the statements

contained in the "Jurisdiction" section of Plaintiffs' Complaint.

On June 24, 2019, a scheduling conference was held and, for the first time, the issue of improper venue was raised. (Doc. 35). Following that scheduling conference, Siganoff filed a motion for an intra-district transfer of this case from the Tucson Division of the District of Arizona to the Phoenix Division. (Doc. 37).[1] Specifically, Siganoff's Motion invokes 28 U.S.C. § 1404, which permits a venue transfer "[f]or the convenience of parties and witnesses, [and] in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented."

A "district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987); *see, e.g., Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (28 U.S.C. § 1404 "is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness"). Ordinarily, "[t]he moving party has the burden to show that the existing forum is inconvenient." *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). "In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." *Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008). The Court will address each element individually.

*1. Convenience of the Parties*

Defendants argue that venue in Phoenix is proper because "[a]ll defendants are located in the Phoenix area (or outlying cities). The only party located in Tucson are the Plaintiffs." (Doc. 37, pg. 3). Although it would undoubtedly be more convenient for Defendants if the case were transferred to the Phoenix Division, Defendants' argument that a transfer would be more convenient for Defendants is not persuasive since such a transfer would simply shift the inconvenience onto the Plaintiffs, who reside in Tucson, and for

---

[1] Although Plaintiffs did not file a response to Siganoff's motion, at the scheduling conference, Plaintiffs' counsel stated that the jurisdictional statement in the Complaint describing venue being in the Phoenix Division was an error.

whom the Tucson Division is more convenient. "Shifting inconvenience from one party to another does not generally justify the intradistrict transfer of a case." *Highland v. Anderson*, No. 17-CV-362 (RHK/LIB), 2017 WL 7370061, at *3 (D. Minn. Oct. 2, 2017), report and recommendation adopted, No. CV 17-362 (RHK/LIB), 2017 WL 7370054 (D. Minn. Oct. 24, 2017).

Similarly, Defendants argue in favor of an intra-district transfer because "all counsel involved are also located in the Phoenix area," (Doc. 37, pg. 3) and that "[a]ll the parties' law firms have Phoenix locations." (Doc. 39, pg. 2). That counsel is located in the Phoenix area is immaterial as the "[l]ocation of counsel is entitled to little consideration." *Cheval Farm LLC v. Chalon*, No. CV-10-01327-PHX-ROS, 2011 WL 13047301, at *2 (D. Ariz. Jan. 19, 2011); *see also In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of location of counsel is irrelevant and improper for consideration in determining the question of transfer of venue") (internal quotation omitted).

It is well established that a plaintiff's choice of forum is given substantial consideration. *See Texas E. Transmission Corp.*, 579 F.2d at 567 ("Plaintiff's choice is also given considerable weight"); *Safarian*, 559 F. Supp. 2d at 1071 ("A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. section 1404(a)"). Plaintiffs chose the Tucson Division to bring their claim and the burden is on Defendants to "make a strong showing of inconvenience to upset the plaintiff's choice of forum." *Welenco, Inc. v. Corbell*, No. CIV. S-13-0287 KJM, 2014 WL 130526, at *5 (E.D. Cal. Jan. 14, 2014). The only argument advanced by Defendants with respect to the convenience of the parties is that a transfer of venue to the Phoenix Division will be beneficial to the Defendants at the expense of the Plaintiffs. This is not a sufficient justification. Plaintiffs initial choice of forum is given substantial deference and an argument that a transfer will solely benefit the Defendants is not an appropriate basis for a transfer.

2. *Convenience of Witnesses*

Rather than fully articulating how a transfer will facilitate the convenience of possible witnesses, the Repo Defendants' Motion merely states "[m]ost, if not all, of the

Defendants reside in Phoenix. Most of the witnesses in this case also reside in Phoenix." (Doc. 39, pg. 2). Siganoff's motion fails to mention any possible impact an intra-district transfer will have on witnesses. Courts have routinely held that "[t]he convenience of witnesses is often the most important factor in determining whether a section 1404 transfer is appropriate." *Stribling v. Picazo*, No. 15-CV-03337-YGR, 2018 WL 620146, at *3 (N.D. Cal. Jan. 30, 2018). *See also, e.g., State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994) ("The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)"). While the convenience to witnesses is the most important factor, "the convenience of non-party witnesses is more important than the convenience of the parties." *Martin v. Glob. Tel*Link Corp.*, No. 15-CV-00449-YGR, 2015 WL 2124379, at *4 (N.D. Cal. May 6, 2015).

The Court finds this factor to weigh against transfer. Ordinarily, "if the transfer is for the convenience of witnesses, defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005). Defendants have provided no detailed information, or even any information, pertaining to witnesses and why the Tucson Division would present a hardship to them outside of an inference that the distance between Phoenix and Tucson would be burdensome.

*3. Interests of Justice*

Although the convenience of witnesses is often the most important factor in determining whether a section 1404 transfer is proper, "[f]airness considerations may be decisive in ruling on a transfer motion, even when convenience of witnesses and parties points the other way." *Pratt v. Rowland*, 769 F. Supp. 1128, 1133 (N.D. Cal. 1991). Here, a few significant considerations may weigh in favor of transfer. As Siganoff's Motion emphasizes, the contract between the parties was entered into in Phoenix and the alleged violation of 49 U.S.C. § 32701, the Federal Odometer Act, occurred in Phoenix. Furthermore, Siganoff's cross-claims also allege acts that occurred in the Phoenix area.

However, despite those considerations, ultimately, "a court must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). It is incumbent upon the Defendants to "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*

The Court notes that this case was filed in August 2018. Defendants neglected to raise an issue regarding proper venue until June 2019 and failed to file a motion requesting a change of venue until July 2019. Although there is no indication that the parties have engaged in any substantive discovery, "[t]he Ninth Circuit has frequently held that a motion for transfer may properly be denied where, as here, a case has been pending for some time in the original court or where a transfer would lead to delay." *Pratt*, 769 F. Supp. at 1133. Defendants were, or should have been, aware that the case was filed in the Tucson Division and neglected to raise an issue regarding venue for over ten months.

Therefore, despite the fact that the Defendants will be inconvenienced by having to litigate the case in the Tucson Division and that the underlying transactions and actions leading to an alleged violation of the Federal Odometer Act occurred in the Phoenix Division, since there is a strong presumption that the Plaintiffs' choice of forum should be given great deference and that Defendants failed to properly advanced substantial justifications in favor of transfer, Defendants' request to transfer this case to the Phoenix Division will be denied.

Accordingly, IT IS ORDERED:

1. Defendant Siganoff's Motion to Transfer Case to Phoenix Division (Doc. 37) is **denied**.

Dated this 8th day of August, 2019.

*[signature]*
Honorable Cindy K. Jorgenson
United States District Judge